IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD D. SAXON,                            )
                                             )
        Plaintiff,                           )
                                             )
vs.                                          )        CIV. A. NO. 24-00257-JB-N
                                             )
MOBILE METRO JAIL, *et al.,*                 )
                                             )
        Defendants.                          )

## REPORT AND RECOMMENDATION

Plaintiff Richard D. Saxon filed a complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983, while detained at Jackson County Adult Detention Center. (Doc. 1). Subsequent to Plaintiff's initiation of this action, he has failed to prosecute it. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I.     Background.**

On July 25, 2024, the Court docketed Plaintiff's complaint (Doc. 1) and a Motion for Leave to Proceed Without Prepayment of Fees (or *in forma pauperis*) (Doc. 2). Review of the motion to proceed without prepayment of fees showed that it did not meet the requirements of 28 U.S.C. § 1915(a)(2). Plaintiff was ordered to re-file his motion to proceed. (Doc. 4). Plaintiff was cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id.*). Thereafter, Plaintiff re-filed his motion as directed (*see* doc. 5) and was granted leave to proceed without prepayment of fees on November 12, 2024. (Doc. 6). However, the Court ordered Plaintiff to pay a partial filing

fee of $34.52 by December 12, 20224, before his case proceeded further.[1] (Doc. 6, 8). A copy of the order was mailed to Plaintiff, but the order was returned by the U.S. Postal Service as "undeliverable," with the envelope stamped " RETURN TO SENDER, Nolonger at this facility, UNABLE TO FORWARD." (Doc. 9).

On December 6, 2024, because Plaintiff failed to provide the Court with a valid address or stay in communication with the Court, the Court ordered him to show cause by January 6, 2025 why this action should not be dismissed for failure to prosecute, under both Rule 41(b) and the Court's inherent authority.[2] The Court cautioned Plaintiff that because his complaint allegations related to an August 2022 incident, dismissal of his action would effectively be a dismissal with prejudice – meaning he would not be able to refile his claim, because it would be barred by the two year statute of limitations. Due to the extreme consequences of dismissal, the Court conducted an independent internet search of AlaCourt records and identified a possible address for Plaintiff and sent a copy of the order to that free world address in Mobile, AL, as well as to the jail address provided to the Court at the time he filed his complaint. (*See* Doc. 10). The order sent to the Jackson County Adult Detention Center was, again, returned to the Court. (*See* Doc. 10).

To date, the order sent to the freeworld address has not been returned as undeliverable; Plaintiff has not paid the ordered partial filing fee; nor has Plaintiff communicated with the Court

---

[1]    The Court's orginal order (Doc. 6) was sent to an incorrect address (Jackson County Adult Detention Center in Pascagoula, AL instead of Pascagoula, MS) and returned as undeliverable. (*See* Doc. 7). Consequently, the Court resent the Order to Plaintiff's last known address (Jackson County Adult Detention Center in Pascagoula, MS) and extended the deadline to comply with the order to December 12, 2024. (*See* Doc. 8).

[2]    *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

in any manner. Indeed, the last communication the Court received from Plaintiff was his motion for leave to proceed without prepayment of fees in August 2024 filed while detained at Jackson County Adult Detention Center. (Doc. 5).

## II.    Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's was ordered to pay the required partial filing fee but has not. He was ordered to keep the Court updated to his current address but has not. He was further ordered to show cause why his action should not be dismissed for failing to comply with the Court's order by Jamuary 6, 2025 but has not. To date, the Court has not received any filing or correspondence from him, and the deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). The Court pauses to note, however, that this dismissal is effectively a dismissal with prejudice because

Plaintiff's complaint allegations relate to an incident that occurred in August of 2022 (over two years ago) – meaning Plaintiff cannot sue for this claim again because it is now barred by the two year statute of limitations.

## III.    Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. Plaintiff is reminded that in any subsequent cases filed in this Court, Plaintiff must comply with all Court orders, including following set deadlines and updating the Court as to his location.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **27th** day of **January 2025**.

                                       */s/ Katherine P. Nelson*
                                       **KATHERINE P. NELSON**
                                       **UNITED STATES MAGISTRATE JUDGE**